UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANN COLEMAN,                          )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        Case No. 16-cv-1343-JTM-TJJ
                                      )
MARRIOTT INTERNATIONAL, INC.,         )
d/b/a FAIRFIELD INN & SUITES, et al., )
                                      )
                Defendants.           )

## ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO SUBSTITUTE PARTY

On March 6, 2017, the Court conducted a hearing on Plaintiff's Motion to File First Amended Complaint or, in the Alternative, Motion to Substitute Party (ECF No. 27). Plaintiff appeared through counsel, Todd M. Johnson and Brett T. Votava. Defendants appeared through counsel, Brian M. Bartlett and Christopher C. Confer. Based upon its review of the motion and all related briefing, the parties' oral arguments, and the evidence presented at the hearing,[1] the Court granted the motion and makes the findings set out herein.

Federal Rule of Civil Procedure 15(c) governs when an amended pleading "relates back" to the date of a timely filed original pleading. When the amendment changes "the party or the naming of the party against whom a claim is asserted," Rule 15(c)(1)(C) provides that the amendment relates back to the date of the original pleading if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[1] The Court set the motion for an oral argument and evidentiary hearing. At the hearing, the parties chose to introduce exhibits in lieu of presenting live testimony. *See* Minute Sheet (ECF No. 56).

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[2]

Rule 15(c)(1)(B) requires that the amendment asserts a claim or defense that arose "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[3]

The time period for service of summons and the complaint under the most current version of Rule 4(m) is 90 days.[4]  The Supreme Court made clear in *Krupski v. Costa Crociere S. p. A.*[5] that when Rule 15 is invoked to save the untimely addition of a new party, the relation-back analysis focuses on "what the *party to be added* knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."[6]

The Court thus analyzes whether Plaintiff's proposed amendment adding or substituting True North Hotel Group, Inc. ("True North") as a defendant meets all the elements required for relation back under Rule 15(c)(1)(C). Based upon the evidence and arguments presented at the motion hearing, the Court finds that Plaintiff has met all the required elements for relation back.

First, Plaintiff's proposed amendment asserts the same premises liability and negligence claims against True North, which is the party to be added or substituted, as were asserted against the original named Defendants. These claims arose out of the August 19, 2014 incident or occurrence set out in Plaintiff's original petition.

---

[2] Fed. R. Civ. P. 15(c)(1)(C).

[3] Fed. R. Civ. P. 15(c)(1)(B).

[4] Rule 4(m) was amended effective December 1, 2015 to reduce the period to effect service from 120 days to 90 days. The 90-day period under amended Rule 4(m) applies to cases filed on or after December 1, 2015. The 90-day period thus applies in this case. Plaintiff acknowledged this during oral argument.

[5] 560 U.S. 538, 541 (2010).

[6] *Id.* (emphasis added).

Second, Plaintiff has provided evidence showing True North received actual notice of the action within the applicable 90-day time period for service under Rule 4(m). Because Plaintiff filed her petition in state court on July 27, 2016, the relevant 90-day time period was July 27, 2016 until October 25, 2016. Plaintiff presented two email exchanges showing that True North's representatives were asked to provide information about this case. True North is the property management company that was hired as an independent contractor to handle day-to-day operation and maintenance of the hotel where Plaintiff allegedly sustained her injuries.

Plaintiff's Exhibit 1 is an email from Defendants' counsel seeking information for Defendants' Rule 26(a) initial disclosures, which was forwarded to Joe Andrick, Gary Liebergen, and Danny LaGore on September 20, 2016. The emails offered and admitted during the hearing identify Mr. Andrick as the Regional Vice President of True North and Mr. Liebergen as True North's Chief Financial Officer. Mr. LaGore was identified in Defendants' initial disclosures as the hotel's property manager. Defendants acknowledged at the hearing that Mr. LaGore only manages the hotel that is the subject of Plaintiff's action. The forwarded email provided information that put True North on notice of Plaintiff's action. The email begins, "[n]ow that we have removed this case to federal court, . . . ." It asks True North to answer whether Mr. LaGore is still the hotel's general manager, asks for True North to provide the name and contact information for someone to testify about the policies and procedures applicable to the hotel for inspecting and replacing the no slip surfaces of the hotel rooms' bathtubs, and specifically references the incident report completed by Mr. LaGore concerning the incident at issue. Plaintiff's Exhibit 2 is an October 5, 2016 email from Defendants' counsel forwarded to Mr. LaGore with a carbon copy to

Mr. Andrick, asking for information about the case and indicating that the information may need to come from True North.

Based upon a review of these emails, the Court finds that True North received actual notice of this action before October 25, 2016, and would not be prejudiced in defending on the merits. The Court rejects Defendants' argument that the emails only provided some notice of a lawsuit about a hotel and do not contain enough information to constitute the required notice to True North. The content of the emails discussed above demonstrates otherwise. The September 20, 2016 email reference to the incident report obtained from True North combined with Defendants' original October 17, 2016 Rule 26 initial disclosures, which stated that True North employee Mr. LaGore could only be contacted through Defendants' counsel,[7] also support the Court's finding that True North received such notice of the action that it will not be prejudiced by being brought into the action. Furthermore, Defendants presented no evidence or argument to show that True North would be prejudiced as contemplated by Rule 15(c)(1)(C)(i) if joined as a defendant at this time. Indeed, an email string admitted during the hearing shows True North's Regional Vice President and Chief Financial Officer knew about this case as early as September 20, 2016, which is only two weeks after it was removed to federal court on September 6, 2016. Moreover, this case is still in the relatively early stages with discovery currently not scheduled to close until July 19, 2017. True North thus would not be prejudiced by being brought into this case at this time.

Third, with respect to the final element, the Court finds that True North knew or should have known that this action would have been brought against it, but for Plaintiff's mistake concerning the proper party's identity. The Court finds that Plaintiff's counsel was mistaken as to

---

[7] On January 23, 2017, Defendants served their Second Supplemental Rule 26 Initial Disclosures withdrawing this statement and indicating it was inadvertently included with respect to witnesses LaGore and Williams.

which entity was managing and responsible for the maintenance of the hotel where Plaintiff sustained her injuries. No evidence was presented suggesting that Plaintiff's counsel knew about True North and made a tactical decision not to name it as a defendant when she initially filed her petition asserting premises liability and negligence. In *Krupski*, the Supreme Court found that if a plaintiff sues the wrong party based upon a misunderstanding of the roles the parties played in the conduct, transaction, and occurrence giving rise to the plaintiff's claim, then the plaintiff has made a "mistake concerning the proper party's identity," even if the plaintiff knew of the existence of both parties.[8] In this case, the Court finds that Plaintiff failed to sue True North in her original petition based upon her counsel's misunderstanding of the roles of True North and the other Defendants in the alleged negligence causing Plaintiff's injuries.

The Court also finds two District of Kansas cases helpful regarding what constitutes a "mistake concerning the proper party's identity" for a claim to relate back under Rule 15(c)(1)(C)(ii). In *Greenhorn v. Marriott International., Inc.*,[9] the court found that the plaintiff's mistake in initially believing the defendant was her sole employer was a mistake in the identity of the proper party under Rule 15(c). The plaintiff "intended from the outset to sue her employer; she simply made a mistake by (apparently) assuming that [the defendant] was her only employer."[10] The court found that if the two parties to be added by the plaintiff's amendment "did, in fact, employ plaintiff, then they should have known but for plaintiff's mistake, that the action would have been initiated against them."[11] Similarly, in *Price v. City of Wichita*,[12] the court found the

---

[8] *Krupski*, 560 U.S. at 549 (quoting Fed. R. Civ. P. 15(c)).

[9] 258 F. Supp. 2d 1249, 1260 (D. Kan. 2003).

[10] *Id.*

[11] *Id.*

plaintiff's mistaken belief regarding which police officer's actions caused the plaintiff's broken leg was a "mistake" within the meaning of Rule 15(c).

In this case, True North knew from the emails forwarded by Defendants' counsel of Plaintiff's lawsuit. True North also knew that the lawsuit arose from an incident at a hotel it managed and in which Plaintiff was claiming negligence with respect to the maintenance of the hotel. It therefore should have known, but for Plaintiff's mistake or misunderstanding of which entity operated the hotel, the action would have been initiated against it. The Court therefore concludes that True North knew or should have known that, but for Plaintiff's mistake as to what entity maintained the hotel premises, this action would have been brought against it.

The Court next determines whether Plaintiff should be permitted to add True North as a defendant, or whether it must substitute True North in place of existing Defendants Marriott International, Inc. and Marriott Hotel Services, Inc. (collectively the "Marriott Defendants"). At the motion hearing, Plaintiff reiterated that she sought to add True North as a defendant even if required to substitute it in place of the Marriott Defendants. Given the lack of controlling law on whether Rule 15(c)(1)(C) applies to an amendment *adding* a party,[13] the Court grants Plaintiff the alternate relief sought by her motion, which is her request for leave to substitute True North for the Marriott Defendants. The Court rejects Defendants' argument that Plaintiff's substitution alternative is a sham. The Marriott Defendants will no longer be parties to this case. In making this ruling, the Court also considers *Greenhorn*[14]—which held that an amendment seeking to *add* new

---

[12] No. 12-1432-CM-DJW, 2014 WL 289453, at *8 (D. Kan. Jan. 27, 2014).

[13] The Tenth Circuit's opinion, *Brauer v. Republic Steel Corp.*, 460 F.2d 801, 804 (10th Cir. 1972), affirming the trial court's order, which found an amended complaint related back under Rule 15(c), is distinguishable because the amended complaint added new party plaintiffs and not defendants.

[14] 258 F. Supp. 2d at 1258–59.

defendants while maintaining the claims against the initial defendant fell within the scope of Rule 15(c)—to still be persuasive even though *Greenhorn* was decided before the Supreme Court's 2010 decision in *Krupski*. Although *Krupski* does not directly address the issue, dicta in footnote 3 provides guidance that Rule 15(c)(1)(C) "is not limited to the circumstance of a *plaintiff* filing an amended complaint seeking to bring in a new *defendant*."[15] This language also suggests that it would not be limited to an amended complaint seeking to "bring in" (as opposed to change or substitute) a new defendant.[16] While recognizing that *Greenhorn*, *Brauer*, and *Krupski* appear to support either the substitution or addition of True North here, out of an abundance of caution on this issue, the Court will grant Plaintiff's alternative request to substitute True North in place of the Marriott Defendants.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to File First Amended Complaint or, in the Alternative, Motion to Substitute Party (ECF No. 27) is GRANTED. Plaintiff shall be permitted to substitute True North for the Marriott Defendants; and such substitution shall relate back under Fed. R. Civ. P. 15(c)(1)(C) to the date of Plaintiff's Petition.

**IT IS FURTHER ORDERED THAT <u>within five (5) days of the motion hearing</u>**, Plaintiff shall electronically file her proposed First Amended Complaint, revised to reflect the above-referenced substitution of True North for the Marriott Defendants. Plaintiff shall serve summons and the First Amended Complaint upon newly added defendant True North **<u>within thirty (30) days of the date the First Amended Complaint is filed</u>**.

**IT IS FURTHER ORDERED THAT** in light of the Court's order permitting the substitution of True North as a defendant, the Court will reset the Scheduling Order deadlines at

---

[15] *Krupski*, 560 U.S. at 548 n. 3 (emphasis added).

[16] *Id.*

the in-person Status Conference set for **May 25, 2017 at 1:30 PM** in KC Courtroom 236.   No

later than **May 18, 2017**, the parties shall jointly submit via email to

*KSD_James_Chambers@ksd.uscourts.gov* their revised Report of Parties' Planning Conference

with their new suggested case deadlines.

      **IT IS FURTHER ORDERED THAT** all Scheduling Order deadlines expiring before the

upcoming May 25, 2017 Status/Scheduling Conference, including the May 19, 2017 deadline for

the parties to complete mediation, are held in abeyance until further order of the Court.

      IT IS SO ORDERED.

      Dated March 13, 2017, at Kansas City, Kansas.

                    Teresa J. James

                    U. S. Magistrate Judge