IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANN COLEMAN,

        Plaintiff,

v.                                                                      Case No. 6:16-cv-01343-JTM-TJJ

APPLE EIGHT OVERLAND PARK, LLC;
APPLE EIGHT HOSPITALITY MANAGEMENT, INC.;
APPLE EIGHT SERVICES OVERLAND PARK, INC.;
APPLE EIGHT HOSPITALITY MIDWEST, LLC;
TRUE NORTH HOTEL GROUP, INC.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to extend the time to respond to a motion to dismiss or for summary judgment by several defendants. After reviewing the record, the court finds the motion for extension of time should be granted in part.

This case is simple enough at its core – a "slip and fall" in legal parlance. The accident occurred at a Fairfield Inn hotel in Overland Park, Kansas, on August 19, 2014. Plaintiff filed suit in state court, naming various defendants as entities that allegedly owned, occupied, operated or controlled the hotel and its premises. Dkt. 1-1. The defendants removed the case based upon federal diversity jurisdiction. Dkt. 1.

Since the case was removed, the parties have engaged in a fair amount of procedural wrangling without making significant progress, with the exception that True North Hotel Group, Inc., has been substituted as a defendant in place of two Marriott entities named in the initial complaint.

On December 14, 2016, three of the four Apple Eight defendants (all but Apple Eight Hospitality Management, Inc.) joined in a motion to dismiss the claims or, alternatively, for summary judgment. Dkt. 22. These entities denied that they owned, occupied or controlled the hotel premises. Shortly thereafter, plaintiff's counsel sought to extend the deadline for adding or dismissing parties and for amending the pleadings, asserting that more time was needed to review defendants' disclosures. Dkt. 25. Defendants opposed the motion. Dkt. 26. Plaintiff also moved to amend the complaint and to extend the time to respond to defendants' motion, arguing discovery was needed to address the latter issue. Defendants opposed the extension. Dkt. 33. Plaintiff's motion to amend has now been granted and an amended complaint was filed (Dkt. 58). The Amended Complaint includes the same four Apple Eight entities and contains the same allegations against them as the initial complaint.

Defendants argue that plaintiff's request for more time should be denied because plaintiff has had all of the relevant information and the information shows that three of the four Apple Eight entities have no legal responsibility for the accident. Out of an abundance of caution, however, the court will grant plaintiff until March 22, 2017, to respond to defendants' motion. The preference for resolution of litigation on the merits rather than through procedural default weighs in favor of an extension. Moreover, although plaintiff's motion fails to include the affidavit required by Rule 56(d), the circumstances surrounding the Apple Eight entities' relationship with each other and with the hotel are sufficiently convoluted that plaintiff can legitimately claim a need for additional time to investigate and verify defendants' explanations. For example,

defendants explain that a property deed shows that "the Hotel is owned by Defendant Apple Eight Hospitality Midwest, LLC"; that a "Relicensing Franchise Agreement between Marriott International, Inc. and the Hotel's lessee, Defendant Apple Eight Hospitality Management, Inc., show[s] that Marriott International, Inc.'s only connection to the Hotel is that of a franchisor"; that the evidence shows an "Owner Agreement between Marriott International, Inc., as franchisor, Apple Eight Hospitality Midwest, LLC, as Hotel owner/lessor, and Apple Eight Hospitality Management, Inc., as franchisee/lessee, wherein the parties agreed to certain terms and conditions regarding future transfers of the Property"; and that a Management Agreement was entered between Apple Eight Hospitality Management, Inc. and True North Hotel Group Inc. under which the latter "agreed to provide property management services for the Hotel, staffing and handling day-to-day operation and maintenance." Dkt. 26 at 2-3. Defendants further explain that the lease agreement and franchise agreement provide that "AEH-Midwest" and "AEH-Mgt." have various distinct responsibilities with respect to the hotel, that the two Apple Eight Overland Park entities have no ownership, control, or possessory right to the hotel, and that all four of the Apple Eight entities are subsidiaries of Apple Hospitality REIT, Inc. Dkt. 23, 23-1.

The court acknowledges (as defendants assert) that plaintiff may have had access to the relevant information for some time. Moreover, it appears that plaintiff's counsel made less than overwhelming efforts to communicate on the issue. The identification of the appropriate defendant(s) in this case is a matter that probably should have been resolved between counsel without motions and extensive briefing. Even at this late

3

date, a simple phone call between counsel ought to be sufficient to resolve the issues raised by defendants' motion. Nevertheless, for the reasons indicated above the court will grant plaintiff an extension of time to respond to the motion.

**IT IS THEREFORE ORDERED** this 13th day of March, 2017, that plaintiff's Motion for Extension of Time (Dkt. 30) is GRANTED IN PART. Plaintiff has until March 22, 2017, to respond to defendants' motion to dismiss or for summary judgment (Dkt. 22).

                                         ___s/ J. Thomas Marten_____
                                         J. THOMAS MARTEN, JUDGE