IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANN COLEMAN,

      Plaintiff,

v.                                                                  Case No. 6:16-cv-01343-JTM

APPLE EIGHT HOSPITALITY
MANAGEMENT, INC., *et al.*,

      Defendants.

**MEMORANDUM AND ORDER**

On March 6, 2017, Magistrate Judge Teresa James granted plaintiff's motion to file a first amended complaint. The amended complaint sought to substitute True North Hotel Group, Inc., as a defendant in place of two Marriott entities initially named by plaintiff. Dkt. 59. Judge James allowed the amendment and ruled that it related back to the date of the original complaint for statute of limitation purposes pursuant to Rule 15(c)(1)(C). The matter is now before the court on a Motion for Review of the order by defendant Apple Eight Hospitality Management, Inc. (hereinafter "Apple Eight"). Dkt. 71.

Plaintiff filed the amended complaint naming True North as a defendant on March 9, 2017, Dkt. 58, and, according to a notice filed by plaintiff, a summons was served on True North on March 24, 2017. Dkt. 73. Although more than 21 days have passed, True North has not filed an answer or otherwise appeared in the action.

For reasons indicated below, the court concludes that the Magistrate Judge's ruling authorizing the filing of the amended complaint was a proper exercise of discretion and was not contrary to law. The court further concludes that Apple Eight has no standing to challenge whether the amendment asserting a claim against True North relates back to the date of the original complaint.

**I. Background.**

Plaintiff filed a petition on July 27, 2016, in the District Court of Sedgwick County, Kansas, alleging that she was injured in a slip and fall in a bathtub at a particular Fairfield Inn and Suites in Overland Park, Kansas. The accident occurred on August 19, 2014. The complaint named as defendants two Marriott entities[1] and four Apple Eight entities.[2] Dkt. 1-1. Plaintiff alleged that the defendants were the owners, occupiers, operators and entities that controlled the premises, and that various acts of negligence by defendants, including failures to ensure that the premises were reasonably safe, to warn plaintiff, and to maintain and clean the premises, caused plaintiff to suffer damages. Defendants removed the action to this court on September 6, 2016. Dkt. 1.

In their answer, the defendants admitted that Apple Eight Hospitality Midwest, LLC, was the owner of the property; admitted that Apple Eight Hospitality Management, Inc. was the lessee of the property; denied that Apple Eight Overland Park, LLC, or Apple Eight Services Overland Park, Inc. owned, occupied, operated or

---

[1] Marriott International, Inc., and Marriott Hotel Services, Inc.
[2] Apple Eight Overland Park, LLC; Apple Eight Services Overland Park, Inc.; Apple Eight Hospitality Midwest, LLC; and Apple Eight Hospitality Management, Inc. The latter three defendants were dismissed without prejudice pursuant to a stipulation on March 22, 2017. Dkt. 66.

2

controlled the premises; and denied that Marriott International, Inc. or Marriott Hotel Services, Inc., owned, occupied or controlled the building. Dkt. 1-1.

On December 23, 2016, plaintiff filed a motion for leave to file a first amended complaint or, in the alternative, to substitute a party. Dkt. 27. The motion asserted that defendants' Rule 26 disclosures had identified True North Hotel Group, Inc., as a party whose fault could be compared for the accident, and plaintiff sought to amend the complaint to include True North as a defendant or to substitute True North for the two named Marriott entities. Plaintiff argued the amendment would "relate back" under Rule 15(c)(1), asserting: "Given the myriad of entities who owned, leased, licensed and apparently managed the premises where plaintiff fell, plaintiff in good faith believed that she had the proper defendants when she filed suit and the inadvertence to name an entity she did not know about until after this matter was removed and only after being able to conduct additional investigation is a mistake." Dkt. 27 at 3. The Apple Eight entities opposed the motion, arguing in part that the proposed claims against True North "are time-barred under Kansas' statute of limitations and do not relate back under Rule 15(c)(1)(C)," such that any amendment would be futile. Dkt. 31 at 2.

Judge James orally granted plaintiff's motion at the conclusion of a hearing on March 6, 2017, and issued a written ruling shortly thereafter. Judge James first found the proposed amendment asserted a claim that arose out of the same transaction set out in the original complaint. Dkt. 59 at 2. *See* Fed. R. Civ. P. 15(c)(1)(B). Next, she concluded that True North received actual notice of the action within the 90-day period for service contemplated by Rule 4(m). Additionally, the judge found True North would

3

not be prejudiced in defending the claim, as the case was still in the early stages of discovery and True North's officers had known about the suit since shortly after it was removed. Dkt. 59 at 4. Finally, Judge James concluded that True North knew or should have known that the action would have been brought against it but for plaintiff's mistake. Relying on *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485 (2010), Judge James found plaintiff's error amounted to a "mistake concerning the proper party's identity" under Rule 15(c)(1)(C)(ii), because plaintiff had misunderstood or had a mistaken belief as to the entity or entities that managed and maintained the hotel. The judge granted plaintiff's alternative request to substitute True North for the two Marriott entities named in the original complaint, and determined that the substitution would relate back to the date of the initial petition. Dkt. 59 at 7.

**II. Motion for Review.**

Apple Eight contends the failure to name True North in the initial complaint was not a mistake covered by Rule 15 because "a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(1)(C). Dkt. 71 at 1-2 (*citing Bell v. City of Topeka*, 279 F.App'x 689, 692 (10th Cir. 2008) and *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)). It argues there was no evidence that plaintiff's counsel even knew of True North's existence when the original petition was filed, so counsel could not have "misunderstood" True North's role in the accident.

Apple Eight also contends that allowing substitution was clearly erroneous because evidence showed the request for substitution "was made merely to create the

4

illusion of correcting a genuine mistake in the event the Court interpreted Rule 15(c)(1)(C) as allowing only substitutions of defendants." Dkt. 71 at 2.

Apple Eight also challenges the finding that True North knew or should have known it would have been sued originally but for a mistake concerning the identity of the proper party. It says that finding is clearly erroneous because it is based on an inference that True North management discussed the allegations in plaintiff's complaint, but "there is no evidence that any such discussions actually occurred," and the emails cited by the judge "make no mention of any of the allegations in Plaintiff's original petition." *Id*. at 3. It also complains that the judge overlooked evidence showing that True North had no reason to believe that it would have been timely sued but for a mistake concerning its identity.

**III. Discussion.**

On a non-dispositive order by a Magistrate Judge, the district court must consider all timely objections to the Magistrate's order and "modify or set aside any part of the order that it clearly erroneous or is contrary to law." Fed. R. Civ. 72(a).[3]

The order entered by the Magistrate Judge allowed the filing of an amended complaint that added True North as a party and dropped the two Marriott entities. Under Rule 15(a)(2), leave to amend should be freely given when justice so requires. *See also* Fed. R. Civ. P. 21 (the court may at any time, on just terms, add or drop a party). The grant or denial of leave to amend under Rule 15 is a discretionary matter that

---

[3] Apple Eight concedes in its brief that the clearly erroneous standard applies to the Magistrate Judge's factual findings in this matter.

5

considers a wide range of factors, including undue delay, dilatory motive, undue prejudice, and futility. *Griffeth v. United States*, ___F.App'x ___, 2016 WL 6994207, *4 (10th Cir. Nov. 30, 2016). Apple Eight makes no showing with respect to the first three factors – undue delay, dilatory motive, or undue prejudice – to demonstrate an abuse of discretion on the Magistrate's part. Apple Eight claims futility essentially by asserting a statute of limitations defense on behalf of True North. Apple Eight may share some contractual relationship with True North, but the two entities are not legally affiliated and Apple Eight's counsel does not represent True North. The court concludes that Apple Eight has no standing in these circumstances to assert, on True North's behalf, that True North lacked the requisite knowledge to permit relation back of the amendment under Rule 15(c)(1)(C).

Current parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants. *Bailey v. B. Braun Med. Inc.*, NO. 16-cv-1544-WSD, 2017 WL 1547163, *2 (N. D. Ga. May 1, 2017) (*citing Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D. N.J. Feb. 27, 2014) and *Clark v. Hamilton Mtg. Co.*, No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008)). "Rather, current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice." *Bailey*, 2017 WL 1547163, at *2. *See also Hines v. Cal. Pub. Utilities Comm'n*, 201 WL 4919234, *3 (N.D. Cal. Nov. 24, 2010) (government utility lacked standing to challenge amendment of individual capacity claims on the basis of futility).

The claim against True North may or may not be subject to a statute of limitations defense, but that is a defense for True North to assert, if at all, rather than Apple Eight. The amendment allowing the substitution here was well within the Magistrate's discretion and has not been shown to be contrary to law.

**IT IS THEREFORE ORDERED** this 8th day of May, 2017, that the Motion for Review (Dkt. 71) of Apple Eight Hospitality Management, Inc., is DENIED. The Magistrate Judge's order (Dkt. 59) permitting the filing of an amendment complaint and allowing substitution of parties is AFFIRMED.

       ___s/ J. Thomas Marten_____
       J. THOMAS MARTEN, JUDGE